IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARCUS HAHN,

    Petitioner,

vs.

                                   Case No.        1:21-cv-00455-WJ-JFR

UNITED STATES OF AMERICA,                             (1:00-cr-01344-WJ)

    Respondent.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)

**THIS MATTER** is before the Court on the Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) filed by Petitioner Marcus Hahn. (CV Doc. 29). The Court concludes that Petitioner Hahn has not established any grounds for relief under Rule 59(e) and denies the Motion to Alter or Amend Judgment.

More than two decades ago, Mr. Hahn was arrested and charged with marijuana manufacture and firearm charges. In December 2000, after a jury trial, he was convicted on all charges. *See* CR 00-00082 JAP (Special Verdict), Doc. 106. Pursuant to the underlying investigation in that case, and in particular the execution of several search warrants, a separate grand jury indicted Mr. Hahn on additional charges including sexual exploitation of minors (Counts 1-6), interstate transportation of child pornography (Counts 7-9), possession of child pornography (Counts 10-11), and distribution of a controlled substance without the knowledge of the recipient and with the intent to commit a crime of violence (Counts 12-16). *See* CR 00-01344 JAP, Doc. 1. In March 2001, Mr. Hahn pleaded guilty to Counts 3-6, 15 and 16, and no contest to Count 14. (CR 00-01344, Doc. 47 Plea Agreement).

1

In June 2001, in CR 00-00082, the district judge sentenced Mr. Hahn to a total of 40 years incarceration. (CR 00-00082, Doc. 6 at 4). This sentence was later reduced to ten years, after the Fourth Circuit Court of Appeals granted Mr. Hahn's 28 U.S.C. § 2241 motion. Resentencing took place after the Fourth Circuit reversed the South Carolina district court's denial of Mr. Hahn's motion that he filed pursuant to 28 U.S.C. § 2241; the Fourth Circuit remanded with instructions to vacate Mr. Hahn's 300-month sentence as to Count 4. *See Hahn v. Mosely*, 931 F.3d 295 (4th Cir. 2019). Resentencing in CR 00-00082 occurred on September 24, 2020, at which time the Honorable James A. Parker imposed a sentence of: Count 1, 60 months; Count 2, 41 months to run concurrent to Count 1 for a total term of 60 months; Count 3, 60 months to run consecutive to Counts 1 and 2 for a total term of 120 months.

In CR 00-01344, the district judge imposed a sentence of 240 months, or twenty years, to each of the two counts to which Mr. Hahn pleaded guilty to be served concurrently to each other, and 52-months to the count to which Mr. Hahn pleaded no contest to run consecutively, for a total sentence of 292-months. *See* CR 00-01344, Doc. 77 (Judgment in a Criminal Case). This sentence was ordered to run consecutively to the sentence in CR 00-00082. *Id.* After his sentencing hearing in CR 00-01344, Mr. Hahn filed a direct appeal in the Tenth Circuit, which appeal was dismissed after the appellate court found that Mr. Hahn was precluded from appealing based on the appeal waiver in his plea agreement. *See Unites States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc).

Thereafter, Mr. Hahn filed his first § 2255 motion, which was dismissed by the district court, CR 00-01344, Docs. 93, 94, as was the appeal of that dismissal. CR 00-01344, Doc. 96. Mr. Hahn sought leave in the Tenth Circuit Court of Appeals to file a second or successive §2255 motion, based on the United States Supreme Court's 2018 decision in *Sessions v. Dimaya* and its effect on his case. After the United States responded, the Tenth Circuit granted Mr. Hahn a

2

certificate of appealability, authorizing him "to bring a claim that his convictions under 21 U.S.C. § 841(b)(7) are constitutionally invalid because the New Mexico state offenses upon which those convictions were predicated do not categorically qualify as crimes of violence under 18 U.S.C. § 16." *See* CR 00-01344, Doc. 108 (May 13, 2021). The § 2255 motion followed, challenging the two concurrent 240-month sentences as to Counts 15 and 16 of the Indictment, and the consecutive 52-month sentence imposed as to Count 14.

On August 5, 2022, Magistrate Judge John F. Robbenhaar entered Proposed Findings and a Recommended Disposition ("PFRD") (CV Doc. 23).  In the PFRD, Magistrate Judge Robbenhaar found that Petitioner's § 2255 motion was not timely filed, that the equitable tolling doctrine does not afford Petitioner relief, and that Petitioner procedurally defaulted his *Dimaya*-based claim since it was not raised previously. (CV Doc. 23 at 7-12).

Petitioner Hahn filed objections to the PFRD on October 5, 2022 (CV Doc. 26).  Petitioner Hahn conceded the PFRD's findings that his § 2255 motion was untimely, that equitable tolling did not apply, and that he had procedurally defaulted his *Dimaya* claim.  (CV Doc. 26).  However, Petitioner argued that sufficient cause and prejudice existed to excuse the procedural default.  (CV Doc. 26).   After its *de novo* determination, the Court found that Petitioner had demonstrated sufficient cause and prejudice to excuse his procedural default, but that Petitioner was unable to prove it is more likely than not he was sentenced under the residual clause of 18 U.S.C. §16(b). Furthermore, the Court found that the actual innocence exception to the procedural default rule does not apply to Petitioner's case. (CV Doc. 27 at 1-2).

 Accordingly, on November 21, 2022, the Court overruled Petitioner's objections, concluded that Petitioner is unable to prove constitutional error, adopted the PFRD and dismissed

the § 2255 motion with prejudice. (CV Doc. 27).  Petitioner Hahn then filed his Fed. R. Civ. P. 59(e) Motion on December 22, 2022. (CV Doc. 29).

Petitioner Marcus Hahn is proceeding under Fed. R. Civ. P. 59(e).  (CV Doc. 29 at 1).  A motion to alter or amend a judgment under Rule 59(e) must be brought within 28 days after entry of the judgment.  Fed. R. Civ. P. 59(e).  Grounds warranting a motion to reconsider under Rule 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir.1995). A motion for reconsideration is proper where the court has clearly misapprehended the facts, a party's position, or the controlling law, but is not appropriate to revisit issues already addressed in prior filings. *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Petitioner does not contend that there was an intervening change in the controlling law between the Court's November 21, 2022, Order overruling his objections (CV Doc. 27) and his December 22, 2022, Motion (Doc. 29).  Nor does he present any new evidence that was previously unavailable.  Instead, he appears to seek reconsideration based on need to correct clear error or prevent manifest injustice ("for just cause and to prevent a fundamental defect in the underlying 28 U.S.C. §§ 2255 Proceedings."  CV Doc. 29 at 1).  Petitioner asserts five reasons for reconsideration:

> (1) "the Court employed a partially flawed, incomplete categorical approach analysis of NMSA §§ 39-9-13 to determine whether Mr. Hahn has shown by a preponderance of the evidence that Judge Parker would have more likely than not had to rely on §§ 16(b)'s residual clause to classify §§ 30-9-13 as a crime of violence" (Doc. 29 at 3);

> (2) "the Article III District Court failed to conduct de novo review of Hahn's specific objection to the PFRD's finding regarding the application of Curtis Johnson's physical force definition to Hahn's categorical approach arguments"

4

(Doc. 29 at 13);

(3) "the Art. III Court substantially erred in its analysis of Hahn's argument as to whether the actual innocence exception is available to address Dimaya based §§ 16(b) errors in the Tenth Circuit" (Doc. 29 at 14);

(4) the Article III Court erred by applying an incorrect standard for review of actual innocence claims and by failing to conduct de novo review of Hahn's argument that in 2001, 18 U.S.C. § 2251(a) carried a stand-alone punishment of a fine in lieu of incarceration (CV Doc. 29 at 16);

(5) "Mr. Hahn has made a substantial showing of the denial of a constitutional right sufficient to receive a Certificate of Appealability" (CV Doc. 29 at 19).

As to his first argument regarding use of the categorical approach analysis of § 30-9-13, Petitioner Hahn ignores the Court's determination that he has failed to carry his burden of demonstrating by a preponderance of evidence, that Judge Parker relied on the residual clause of 18 U.S.C. § 16(b) in sentencing Petitioner. *United States v. Lewis,* 904 F.3d 867, 870 (10th Cir. 2018). Under the law in effect at the time of his sentencing, it is equally as likely that the Court could have determined that Mr. Hahn's underlying § 30-9-13 crimes were crimes of violence under the elements clause of 18 U.S.C. § 16(a). *See United States v. Bowen,* 936 F.3d 1091, 1108 (10th Cir. 2019); *United States v. Vigil,* 334 f.3d 1215, 1220 (10th Cir. 2003); *but see United States v. Venegas Ornelas,* 348 F.3d 1273, 1275 (10th Cir. 2003). Having failed to demonstrate that Judge Parker sentenced Petitioner under § 16(b)'s residual clause rather than § 16(a)'s elements clause, it is irrelevant whether the Court correctly applied any categorical analysis to § 30-9-13. *Lewis,* 904 F.3d at 870. Therefore, Petitioner's first argument presents no basis for reconsideration of the Court's dismissal of this § 2255 proceeding.

In his second argument, Petitioner claims that, in overruling his objections, the Court failed to engage in a *de novo* review of his argument that his underlying state law conviction is not a crime of violence under *Johnson v. United States,* 576 U.S. 591, 135 S.Ct. 2551, 2556 (2015).

Petitioner's second argument is similarly without merit. First, the Court expressly stated that it had engaged in a *de novo* determination of Petitioner's objections. (CV Doc. 27 at 1). Petitioner has presented nothing to contradict the Court's Order. Further, the fact that the Court did not engage in a lengthy analysis of Petitioner's *Johnson* argument in its Order does not mean the Court did not conduct a *de novo* review. The *Johnson* case dealt with the constitutionality of 18 U.S.C.§ 924(e)(2)(B) of the Armed Career Criminal Act (ACCA). Petitioner was not sentenced under the residual clause of the ACCA and *Johnson* has no application to his § 2255 claims.[1] Where, as here, Petitioner cannot even establish the threshold *Dimaya* requirement of sentencing under the residual clause of § 16(b), the Court need not waste its time engaging in a lengthy analysis of irrelevant cases.

Petitioner Hahn's third argument fails because he has not established that he is factually innocent. The Supreme Court has "consistently reaffirmed the existence and importance of the exception to the general rules of procedural default for fundamental miscarriages of justice." *Schlup,* 513 U.S. 298, 321 (1995). This exception applies to those who are actually innocent of the crime of conviction. *Murray v. Carrier,* 477 U.S. 478, 496 (1986); *Sawyer v. Whitley,* 505 U.S. 333, 335–36 (1992). To establish actual innocence of a crime, one "must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" absent a constitutional error. *Schlup,* 513 U.S. at 327. To demonstrate a fundamental miscarriage of justice, a defendant must make a showing of ***factual*** innocence, not legal innocence. *Beavers v. Saffle,* 216 F.3d 918, 923 (10th Cir. 2000); *Ellis v. Hargett,* 302 F.3d 1182, 1186 n. 1 (10th Cir. 2002); *Black v. Workman*, 682 F.3d 880, 915 (10th Cir. 2012).

---

[1] The Court recognizes that *Johnson v. United States,* 576 U.S. 591, 135 S.Ct. 2551 (2015) laid the groundwork for later decisions, including the *Dimaya* case, but the *Johnson* case has no direct application to Petitioner's *Dimaya* claims.

Petitioner has not presented any *new reliable evidence* to support a claim of actual innocence, which is essential to any argument that there has been a miscarriage of justice. Therefore, Petitioner, absent new, reliable evidence, fails to meet the first prong of his burden to establish actual innocence. *Schlup*, 513 U.S. at 324. Further, even if Petitioner had presented new reliable evidence to support his claim, he fails to claim or demonstrate that it is more likely than not that a reasonable jury would not have convicted him. Without any new, reliable, supporting evidence, his contention is insufficient to establish a likelihood that a jury would have found Petitioner innocent. *Weaver v. Bear*, 713 F. App'x at 746. Therefore, Petitioner cannot establish any actual innocence exception to his procedural default. *Beavers v. Saffle,* 216 F.3d at 923; *Ellis v. Hargett,* 302 F.3d at 1186 n. 1; *Black v. Workman*, 682 F.3d at 915.

Petitioner's fourth contention simply raises additional issues on his *Dimaya* and actual innocence arguments. Having failed to establish that he was sentenced under the § 16(b) residual clause for purposes of *Dimaya* and having failed to present any reliable evidence that he is actually innocent of the charged crimes, Petitioner's fourth basis for reconsideration is also without merit.

Last, as a fifth basis, Petitioner seeks reconsideration of the Court's denial of a certificate of appealability. The Court has dismissed Petitioner's Motion under 28 U.S.C. § 2255 pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Under Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the movant. The Court may issue a certificate of appealability only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court again determines that, under Rule 11(a) of the Rules Governing Section 2255 Cases, Petitioner Hahn has failed to make a substantial showing that he

has been denied a constitutional right and the Court will not reconsider its denial of a certificate of appealability.

All of Petitioner's arguments were raised and extensively argued in his § 2255 Motion. The Magistrate Judge conducted a thorough and well- reasoned analysis of his claims, rejected those claims, and recommended dismissal of the Motion. The District Judge engaged in *de novo* review, found no legal or factual error in the Magistrate Judge's analysis, overruled Petitioner's objections, and adopted the recommendation that the case be dismissed. All of Petitioner's arguments have been raised in his Motion and Objections to the PFRD, have been thoroughly reviewed, analyzed, and rejected. Petitioner's rehashing of his arguments does not alter the Court's prior analysis of his claims and does not present any basis for reconsideration under Fed. R. Civ. P. 59(e). *Van Skiver,* 952 F.2d at 1243; *Servants of Paraclete*, 204 F.3d at 1012. The Court again denies a certificate of appealability and denies Petitioner's Motion under Rule 59(e) (CV Doc. 29).

**IT IS ORDERED** that Petitioner Marcus Hahn's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (CV Doc. 29) is **DENIED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE